UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL D SUMMERS,<br><br>              Plaintiff,<br><br>     v.<br><br>CLARK COUNTY JAIL et al.,<br><br>              Defendants. | CASE NO. C13-5484 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 1, 2013 |

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

       The Snake River Correctional Institution, Dr. Bristol, the Oregon State Penitentiary, Dr. Degner, Dana Flenner, Medical Director S. Shelton, and the Oregon State Department of Corrections Health Services [hereinafter "the Oregon defendants"], have filed a motion to dismiss them from this action for lack of personal jurisdiction (ECF No. 13). The Court

recommends granting the motion and dismissing these defendants without prejudice because plaintiff fails to show that any of these defendants have any significant tie or contacts to Washington State that would subject them to this Court's jurisdiction. Defendants' brought the motion pursuant to Fed. R. Civ. P. 12(2).

Plaintiff alleges that in August of 2010, he injured his back when he fell from an upper bunk at the Clark County jail (ECF No. 6 p.6). Plaintiff alleges that the medical care he received in the Clark County jail, and later in the Oregon prison system was inadequate. Plaintiff alleges that after the injury to his back was discovered in x-rays performed in Oregon in April of 2012, someone in Oregon switched the x-rays (*id*. p.7). Defendants from Oregon move for dismissal based on lack of personal jurisdiction (ECF No. 13).

## DISCUSSION

Once defendants have moved to dismiss for lack of personal jurisdiction plaintiff has the burden of proof and must show that the Court has jurisdiction. *Dole Food Co., v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)(*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Because no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

RCW 4.28.185 sets forth the acts that would subject a person from another state to this Court's jurisdiction. RCW 4.28.185(1) states:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> (a) The transaction of any business within this state;
> (b) The commission of a tortious act within this state;
> (c) The ownership, use, or possession of any property whether real or personal situated in this state;
> . . .

Defendants have submitted affidavits showing that the actions they took in treating plaintiff were undertaken in Oregon (ECF No. 14 through 18). None of these defendants owns property in Washington State or has significant ties to Washington State (ECF No. 14 through 18).

Plaintiff fails to show that the Court has personal jurisdiction over these defendants. The Complaint itself is devoid of facts showing personal jurisdiction (ECF No. 6). In his response to the motion to dismiss, plaintiff states that it is his preference to address all issues in one forum, but he fails to show any significant contacts in Washington that would subject these defendants to the Court's jurisdiction (ECF No. 22). Accordingly, the Court recommends granting the Oregon defendants' motion to dismiss. The Court recommends that this dismissal be without prejudice. *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 1, 2013, as noted in the caption.

Dated this 7th day of October, 2013.

J. Richard Creatura
United States Magistrate Judge