UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D SUMMERS,

    Plaintiff,

v.

CLARK COUNTY JAIL et al.,

    Defendants.

CASE NO. C13-5484 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
SEPT. 26, 2014

This 42 U.S.C. §1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendant Conmed seeks summary judgment asking that the Court dismiss with prejudice all of the claims alleged against it (Dkt. 52 at 1:23-25). Defendants "Clark County Jail" and individually named defendants, Jackie Batties and Garry Lucas likewise seek the dismissal of plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 56 (Dkt. 55). Because

REPORT AND RECOMMENDATION - 1

1  plaintiff failed to exhaust state administrative remedies when they were reasonably and readily
2  available and will be unable to do so in the future, the Court recommends granting defendants'
3  motions.

**FACTS**

Plaintiff Michael Summers was convicted of theft in the first-degree in 2010, and incarcerated at the Snake River Facility in Oregon for a 30-month sentence (Dkt. 57 at 10-11; Dkt. 55 at 2). Due to additional charges in Washington State, plaintiff was transferred to Clark County Jail in August 2010, where he remained until September 28, 2010, for sentencing in the Washington criminal matters (Dkt. 56 at ¶ 5).

Plaintiff alleges that in August of 2010, he injured his back when he fell from an upper bunk at Clark County Jail (Dkt. 6 at 6). Plaintiff alleges that the medical care he received at Clark County Jail was inadequate and violated his Eighth Amendment rights (Dkt. 6 at 6-8). He also alleges that the lack of a ladder to the upper bunk created an unsafe condition that violated his Fourth and Eighth Amendment rights (Dkt. 6 at 6).

Each inmate housed at the Clark County Jail receives an Inmate Handbook that details rights, duties and procedures affecting inmate population (Dkt. 56 at ¶ 4). The Clark County Jail Inmate Handbook sets forth the procedures for an inmate to grieve medical treatment he or she has received. Specifically, the handbook provides:

> **MEDICAL GRIEVANCE**
> If your medical care by our medical staff was unsatisfactory you may grieve your medical care. Each level and written response must use the original form. All steps and timelines must be followed in order to prevent rejection of your medical grievance and exhaust all administrative remedies. Grievance timelines are as follows:
>
> 1. Complete and submit a "*Medical Inmate Grievance Form*" within seven (7) days after service.

2. After receiving your answer/response, you have forty-eight (48) hours to file your medical grievance to the next level.

(Dkt. 56 at 6).

Additionally, the Clark County Inmate Handbook sets forth the procedures for addressing nonmedical grievances:

**GRIEVANCE PROCEDURE**
The Sheriff's Office has established a formal procedure to address inmate complaints. If you have a grievable issue, you must first attempt to resolve it informally through oral communication with an employee or the employee concerned. If your grievance cannot be resolved informally, you can complete and submit an "Inmate Grievance Form". Each level and written response must use the original form. All guidelines, steps and timelines must be followed in order to prevent rejection of your grievance and exhaust all administrative remedies.

**Grievance timelines are as follows:**

1. You have only seven (7) days from the time of the event to submit an "*Inmate Grievance Form*".

2. You will receive a written response from the appropriate sergeant within five (5) business days.

3. If you're not satisfied with the response, you have forty eight (48) hours from receiving your answer to file your grievance to the next level. You must list a reason why the response didn't resolve the grievance.

4. Each administrative level, Commander and the Chief Jail Administrator, has ten (10) business days to respond.

Medical care grievances must be submitted on a "Medical Inmate Grievance Form". Refer to "Medical Grievance" in this handbook.

(Dkt. 56 at 7).

In order for an inmate's administrative remedies to be exhausted, he or she must file a medical grievance to the fourth level and all other grievances to the third level (Dkt. 55-1). Following this alleged incident, plaintiff submitted one medical grievance (*id*). Plaintiff did not file a grievance regarding the lack of a ladder on his bunk (*id*).

REPORT AND RECOMMENDATION - 3

1  Plaintiff brings this action under 42 U.S.C § 1983 against Defendant Conmed claiming
2  that defendant violated his Eighth Amendment rights by failing to provide adequate medical
3  treatment for the injury allegedly sustained by falling from his bunk. Also, plaintiff brings a
4  claim against "Clark County Jail," Jail Commander Jackie Batties, and Clark County Sheriff
5  Garry Lucas alleging that the lack of a ladder created an unsafe condition that violated his
6  Fourth and Eighth Amendment rights (*See* Dkt. 6 at 6; Dkt. 57 at 12-13). At his deposition,
7  plaintiff testified that he has never met Garry Lucas or Jackie Batties and that they had no
8  personal involvement with his alleged bunk bed incident (Dkt. 57 at 13:5-18).

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

REPORT AND RECOMMENDATION - 4

the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

      **A.**    **Dismissal for Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint under 42 U.S.C. § 1983 in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The statute defines prisoner to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes. *See* 42 U.S.C. §1997e(h). Plaintiff filed this action while incarcerated for his actions in violation of state criminal laws and the Act therefore applies to him.

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). To the extent that evidence in the record permits, the appropriate procedural device for determining if administrative remedies have been exhausted is a motion for summary judgment under FRCP 56. *Albino v. Baca*, *supra*,

REPORT AND RECOMMENDATION - 5

1 | 747 F.3d at 1168. Inmates are required to exhaust only available remedies. *Booth v. Churner*,
2 | 532 U.S. 731, 736 (2001); *Albino*, *supra*, 747 F.3d at 1171; *Brown v. Valoff*, 422 F.3d 926, 936-
3 | 37 (9th Cir. 2005). "To be available, a remedy must be available as a practical matter; it must be
4 | capable of use; at hand." *Albino*, *supra*, 747 F.3d at 1171 (internal quotations omitted).

5 | Failure to exhaust available remedies under § 1997e(a) is "an affirmative defense that the
6 | defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Defendant therefore
7 | must "prove that there was [1] an available administrative remedy, and [2] that the prisoner did
8 | not exhaust that available remedy." *Albino*, *supra*, 747 F.3d at 1172 (*citing Hilao v. Estate of*
9 | *Marcos*, 103 F.3d 767, 788 n. 5 (9th Cir. 1996)). Once defendant has carried this burden, the
10 | burden shifts to the prisoner to produce "evidence showing that there is something in his
11 | particular case that made the existing and generally available administrative remedies effectively
12 | unavailable to him." *Id*.

13 | The Clark County Jail Inmate handbook outlines both the standard and medical grievance
14 | procedures available to inmates. *See* Dkt. 56 at ¶ 4. The handbook explains that inmates have
15 | seven days from an event or medical service to complete and submit a specified grievance form.
16 | *See* Dkt. 57 at 6, 7. Additionally, the handbook explains that there are multiple levels of
17 | review and that "[a]ll guidelines, steps and timelines must be followed in order to prevent
18 | rejection of your grievance and exhaust all administrative remedies." *Id.* at 7.

19 | Defendants indicate that despite filing a single medical grievance on September 9, 2010,
20 | plaintiff failed to submit a grievance to the second level after the Jail responded to his first
21 | grievance on September 24, 2010. Dkt. 56 at ¶ 6. Additionally, and they indicate that plaintiff
22 | never filed a grievance regarding the lack of a ladder on his bunk. *Id.* at ¶ 8. Plaintiff admits that
23 |
24 |

1 | he only filed one grievance regarding his medical treatment and that he did not file any grievance
2 | regarding conditions at Clark County Jail. Dkt. 61 at 7.

3 | Although plaintiff was eventually transferred out of Clark County Jail and back to the
4 | Oregon Department of Corrections, the allotted time for filing a grievance regarding the lack of a
5 | ladder or filing a second level grievance regarding his medical claim had expired before his
6 | transfer. *See* Dkt. 56 at ¶¶ 6, 7; Dkt. 57 at 7, 8; Dkt. 61 at 7.

7 | By publishing the procedures for filing grievances in the Inmate Handbook, provided to
8 | each inmate in the Jail, defendants have demonstrated that generally available remedies were
9 | known to plaintiff. The fact that plaintiff filed an initial grievance regarding his medical
10 | treatment further indicates his knowledge of the prescribed administrative remedies for his
11 | complaints and that these remedies were readily available to him. Furthermore, plaintiff does not
12 | assert that such remedies were effectively unavailable to him. Accordingly, defendant has carried
13 | its burden in showing that plaintiff failed to exhaust state administrative remedies prior to
14 | bringing his § 1983 claim, as required by § 1997e(a) of the PLRA. Defendants thus are a entitled
15 | to judgment as a matter of law and the action should be dismissed pursuant to FRCP 56.

16 | **B.     Dismissal with Prejudice**

17 | Under the PLRA "a prisoner must complete the administrative review process in
18 | accordance with the applicable procedural rules, including deadlines, as a precondition to
19 | bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Although state
20 | administrative remedies were readily available to plaintiff when he failed to comply with the
21 | timelines stipulated by the Jail's grievance procedures, these remedies are unavailable to him
22 | now because he has missed the timelines and is no longer at the facility. Plaintiff therefore is

1 permanently unable to satisfy the prerequisite to filing a § 1983 claim as stipulated in § 1997e(a)

2 of the PLRA.

3      In some cases where an inmate can return to the state grievance system and exhaust his

4 claim there is good reason for dismissal without prejudice. However, because plaintiff here will

5 remain unable exhaust state administrative remedies in order to satisfy a necessary element of his

6 claim, the action should be dismissed with prejudice.

7 <u>**CONCLUSION**</u>

8      Having determined that plaintiff has failed to exhaust available state administrative

9 remedies, and that he will be unable to cure this deficiency in the future, the undersigned

10 recommends that the Court grant summary judgment to defendants and dismiss the action with

11 prejudice pursuant to FRCP 56.

12      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

14 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

15 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

16 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

17 **September 26, 2014**, as noted in the caption.

18      Dated this 3rd day of September, 2014.

19

20                                           J. Richard Creatura

21                                           United States Magistrate Judge

22

23

24