1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

MICHAEL D. SUMMERS,

8                    Plaintiff,                      CASE NO. C13-5484 BHS

9    v.                                              ORDER ADOPTING REPORT
                                                     AND RECOMMENDATION
10   CLARK COUNTY JAIL, et al.,

11                    Defendants.

12

13        This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 65), and

15   Plaintiff Michael Summers's ("Summers") objections to the R&R (Dkt. 66).

16                        **I. PROCEDURAL BACKGROUND**

17        On June 24, 2013, Summers filed a 42 U.S.C. § 1983 action against Defendants

18   Clark County Jail, Jackie Batties ("Batties"), Garry Lucas ("Lucas"), and ConMed

19   Medical Services ("ConMed") (collectively "Defendants").  Dkt. 6.  Summers alleges

20   that ConMed violated his Eighth Amendment rights by failing to provide adequate

21   medical treatment for an injury Summers allegedly sustained by falling from his bunk.

22

*Id.* at 6.  Summers also alleges that Clark County Jail, Batties, and Lucas violated his Fourth and Eighth Amendment rights by not providing a ladder to his bunk.  *Id.*

On May 22, 2014, ConMed moved for summary judgment.  Dkt. 52.  On May 23, 2014, Clark County Jail, Batties, and Lucas also moved for summary judgment.  Dkt. 55.

On September 3, 2014, Judge Creatura issued the R&R recommending that the Court grant Defendants' motions for summary judgment because Summers failed to exhaust his administrative remedies.  Dkt. 65 at 2.

On September 15, 2014, Summers filed objections to Judge Creatura's R&R.  Dkt. 66.  On September 22, 2014, Clark County Jail, Batties, and Lucas responded.  Dkt. 67.

## II. DISCUSSION

Summers objects to Judge Creatura's recommended disposition.  Dkt. 66.  Summers argues that he was unable to exhaust his administrative remedies because he was transported to a different jail in Oregon.  *Id.* at 1.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition.  Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Creatura that Summers failed to exhaust his administrative remedies.  Following the alleged incident, Summers submitted one medical grievance regarding the medical care he received for back pain.  Dkt. 56,

1    Declaration of Michael Anderson ("Anderson Dec."), Ex. 2.  Summers, however, did not

2    file a second medical grievance after the Jail responded to his first grievance.  Anderson

3    Dec. ¶ 6.  Although Summers claims that he filed a second medical grievance, Summers

4    does not provide evidence to support this assertion.  *See* Dkt. 63.  Moreover, Summers

5    did not file a nonmedical grievance regarding the lack of a ladder on his bunk.  Anderson

6    Dec. ¶ 8.

7           Summers nevertheless argues that he was unable to exhaust his administrative

8    remedies because he was transported to a different jail in Oregon.  Dkt. 66 at 1.  Although

9    Summers was transferred to an Oregon jail, the allotted time for filing a second medical

10   grievance or a nonmedical grievance had already expired before he was transferred.  *See*

11   Anderson Dec. ¶ 6–7.  Summers does not contest that the prescribed administrative

12   remedies were available to him before he was transferred.  *See* Dkt. 66.

13          Finally, Defendants demonstrated that the procedures for filing grievances were

14   provided to each inmate in Clark County Jail.  *See* Anderson Dec. ¶ 4, Ex. 1.  Indeed, the

15   fact that Summers filed an initial grievance regarding his medical treatment indicates his

16   knowledge of the prescribed administrative remedies for his complaints.  *See* Anderson

17   Dec., Ex. 2.

18          In sum, Summers failed to exhaust his administrative remedies.  Accordingly, the

19   Court adopts Judge Creatura's R&R.

20                          **III.   ORDER**

21          The Court having considered the R&R, Summers's objections, and the remaining

22   record, does hereby find and order as follows:

1      (1)     The R&R is **ADOPTED**;

2      (2)     Defendants' motions for summary judgment (Dkts. 52, 55) are

3  **GRANTED**; and

4      (3)     The claims against Defendants are **DISMISSED with prejudice**.

5      Dated this 21st day of October, 2014.

 

BENJAMIN H. SETTLE
United States District Judge